# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| NOBLE & ASSOCIATES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 07-CV-3123-S-FJG |
| GREGORY B. EDWARDS and SHARED VISION, LLC, | ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is plaintiff's Motion for a Temporary Restraining Order (Doc. # 2), plaintiff's Motion to Expedite Discovery (Doc. # 4) and defendant Gregory Edward's Motion to Dismiss (Doc. # 48).

### I. BACKGROUND

On April 25, 2007, plaintiff Noble & Associates, Inc. filed an eleven count Complaint against Gregory B. Edwards and Shared Vision, LLC. Alleging breach of a non-disclosure and non-solicitation agreement, violation of the Uniform Trade Secrets Act, tortious interference with business relationships and contract, breach of the duty of loyalty and fiduciary duties, unfair competition, and unjust enrichment. Noble also filed a Motion for a Temporary Restraining Order and a Motion to Expedite Discovery. Since plaintiff filed the motions for a Temporary Restraining Order and the Motion to Expedite, the parties have entered into a Stipulation in which the parties agreed to expedited discovery and the defendants agreed to refrain from using or disclosing Noble's trade secret information and soliciting or contacting certain clients or current employees of

Noble. The Stipulation was approved by the Court on May 18, 2007 (Doc. # 26). On August 31, 2007, the parties filed a Joint Status Report in which they indicate that a hearing on Noble's request for a preliminary injunction is no longer necessary and that the parties have agreed to extend the Court's May 18, 2007 Order indefinitely subject to a fourteen day advance written notice by any party of its withdrawal of paragraph 1 of the May 18, 2007 Order. The parties also state that they do not require expedited discovery. The parties request an Order providing that the May 18, 2007 Order remain in effect through the impendency of this action.

On August 24, 2007, defendant Gregory Edwards filed a Motion to Dismiss Counts I, II, III, IV, V, VI, VII, IX and XI, pursuant to Fed.R.Civ.P. 12(b)(6).

## II. STANDARD

The Supreme Court recently issued a new standard to apply when considering motions to dismiss. In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . .on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (internal citations and quotations omitted). The Court went on to note that, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965 (internal citations and quotations omitted). The Court emphasized

2

that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, the complaint must be dismissed." Id. at 1974.

### III. DISCUSSION

**A. Counts I & II (Breach of Nondisclosure Covenant and Nonsolicitation Covenant)**

Defendant Edwards argues that these counts should be dismissed because plaintiff fails to allege that the confidential, proprietary and trade secret information was not generally known to the public or Noble's competitors and fails to set forth the identity of any particular Noble client that was solicited by Edwards.

Plaintiff argues that the Complaint provides a sampling and a description of the actual information which was disclosed or utilized in violation of the nondisclosure provision in ¶ ¶ 24, 26-34. Additionally, plaintiff states that the Complaint provides descriptions of the actual written solicitations that were made to Noble's current and prospective clients in ¶¶ 24-25, 27-31, 33 and 35-36. Plaintiff lists four clients that were identified in the Complaint: Diageo Spirits, African Ancestry, Jerome S. Paige and Associates and Michael Lynch and Associates. Plaintiff states that these allegations are sufficient to put Edwards on notice of the claims against him.

The Court has examined the allegations in the Complaint and finds that Noble has sufficiently alleged that its confidential, proprietary and trade secret information was not generally known to the public or to Noble's competitors. Additionally, Noble has also specifically alleged what types of information Edwards disclosed and what specific

3

potential clients Edwards solicited. Noble also alleged in the Complaint that Edwards contacted current clients. While the Complaint does not name the current clients which Edwards has allegedly solicited, this is information which may be obtained during discovery. As noted above, "a Complaint attacked by Rule 12(b)(6) does not need detailed factual allegations." Bell Atlantic, 127 S.Ct. 1964-65.

**B. Count III (Violation of Uniform Trade Secrets Act)**

Defendant Edwards argues that this Count should be dismissed because plaintiff fails to provide any specific allegation that the information it claims to be a trade secret was actually secret and that reasonable efforts were made to maintain such secrecy. Plaintiff argues that it has sufficiently alleged its misappropriation claims because it described the trade secrets in the Complaint as: draft client proposals, business and communication templates, marketing strategies, new business status reports, client proposals, diagrams, internal conference reports and internal marketing presentations. Additionally, Noble points to those specific paragraphs in the Complaint which describe its efforts to maintain the secrecy of this information such as: requiring Edwards and others to execute non-disclosure covenants and agreeing not to divulge, use or disclose Noble's confidential information, conditioning employment on the execution of such a covenant, reviewing Edward's computer after he returned it to determine if Edwards had misappropriated trade secrets, meeting with Edwards after he tendered his resignation to discuss his communications with clients and following other procedures to maintain the confidentiality of its trade secrets.

The Court finds that Noble has adequately stated a claim for violation of the Uniform Trade Secrets Acts. Noble has indicated what information it believes to be trade

4

secrets and also has sufficiently described how it believes Edwards misappropriated these trade secrets.

### C. Count IV (Tortious Interference with Business Relations)

Edwards argues again that Noble fails to identify any actual client or prospective business from any actual client that has been interfered with or any client that has terminated its business relationship with Noble. Noble argues that it needs only to allege defendant's knowledge of a business expectancy or relationship and defendant's willful interference by communications with clients or other unlawful means. Noble cites Keith v. Thompson, No. 4:05CV2268HEA, 2006 WL 839193 (E.D.Mo. Mar. 27, 2006), in support of this argument. In that case the plaintiff claimed that defendant failed to allege sufficient facts to support it tortious interference claim. However, the Court stated,

> Plaintiffs' argument is premature, since Defendants are not required to make such a showing at this stage. Under the notice pleading standard, Defendants need only set forth a short and plain statement of the claim entitling them to relief. Fed.R.Civ.P. 8(a)(2). What is at issue here is whether Defendants have adequately plead tortious interference, and this Court concludes that they have.

Id. at *2. This Court agrees and finds that Noble has adequately pled a claim for tortious interference. Noble pled that Edwards signed a non-compete agreement, alleged that Edwards was aware of Noble's relationships with its customers and potential customers, alleged that Edwards solicited or interfered with such clients and these solicitations were in violation of his employment agreement and that Noble was damaged by Edwards' actions.

Case 6:07-cv-03123-FJG   Document 59   Filed 10/19/07   Page 5 of 6

D.  Count V    (Breach of Duty of Loyalty, Good Faith, Fair Dealing);
    Count VI   (Breach of Fiduciary Duty)
    Count VIII (Unfair Trade Practices/ Unfair Competition)
    Count IX   (Attorney Fees)

Edwards states that these claims allege and incorporate all the previous allegations in the Complaint and therefore should be dismissed because they rely on the prior counts and they do not contain sufficient independent allegations to survive a motion to dismiss.  Additionally, Edwards argues that Count IX (Attorney's Fees) is a remedy and is not a separate cause of action.

Noble argues that it has sufficiently pled its claims for breach of the duties of loyalty, good faith and fair dealing and breach of fiduciary duty.  At this early stage of the litigation, Noble argues it is not required to show that it has satisfied all the elements of these causes of action.  Noble argues that it has pled the existence of a duty (¶¶ 16-18, 74, 79-80); Edwards' breach of that duty (¶¶ 23-29, 75-80) and damages (¶¶ 24, 27, 76 and 81).  Additionally, Noble argues that regardless of whether they are styled as separate counts, it is entitled to pursue its claims for attorney fees and injunctive relief. The Court agrees and finds that Noble has pled sufficient facts in support of these claims to survive the Motion to Dismiss.

## IV. CONCLUSION

Accordingly, for the reasons stated above, plaintiff's Motion for a Temporary Restraining Order (Doc. # 2) is hereby **DENIED**; plaintiff's Motion to Expedite Discovery (Doc. # 4) is hereby **DENIED** and defendant Edwards' Motion to Dismiss is hereby **DENIED** (Doc. # 48).  This Court's May 18, 2007 Order shall remain in effect throughout the pendency of this action.

Date:  10/19/07                                                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                           Fernando J. Gaitan, Jr.
                                                                            Chief United States District Judge

6